**EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WIS-CONSIN, Appellant,**

v.

**Bill G. BLUNT, Appellee.**

**No. 15500.**

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1955.

Rehearing Denied Dec. 27, 1955.

Fred K. Newberry, Royal H. Brin, Jr., and Hobert Price (of Strasburger, Price, Kelton, Miller & Martin), Dallas, Tex., for appellant.

John W. Hardy, Harold B. Clapp, Tyler, Tex., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

Appealing from a judgment on a verdict entered in a Texas Workmen's Compensation suit, the defendant is here insisting that the court erred in refusing to try[1] the tendered issue, whether plaintiff gave the required thirty day notice of his claimed injury as required by law, and that the judgment must be reversed. We agree.

Here the appellee defends the action of the court by reference to Art. 8307b Vernon's Civil Statutes of Texas and Rule 820 of Texas Rules of Civil Procedure, adopting all portions of the Texas Workmen's Compensation law which relates to matters of practice and procedure, and cites Texas cases in support.

This will not do. It is settled law that neither the Texas Statutes nor State rules governing practice and procedure in the State courts are applicable to, or binding on, trials in federal courts.[2]

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

1. The matter came about in this way. The plaintiff pleaded notice. The defendant, in Par. X of its unverified answer, denied the allegations regarding notice. Thereafter the plaintiff, to the defendant's question, "Did you give notice to your employer about your getting hurt?", answered, "No", and the court querying "Is the denial of notice under issue in this case?", and stating, "The rule requires that the denial be under oath or it be admitted", ruled: "We are not trying the issue unless a denial is made under oath as the rule requires."

A discussion as to the admissibility of the evidence then ensued, the defense counsel contending that the failure to give the notice was an issue inasmuch as it was a statutory defense, and the plaintiff's counsel contending that it was not an issue since the defendant had filed no sworn denial. Subsequent to the discussion and while the evidence was still being presented in the case, the defense counsel requested, and the court denied, leave to amend the pleading by swearing to the denial, and at the close of the evidence he again so moved and was again denied.

2. Barron & Holtzoff on Federal Practice & Procedure, Vol. 1, 1955 Docket Part, Sec. 138 at p. 111; Gifford v. Wichita Falls & So. Ry. Co., 5 Cir., 224 F.2d 374.