Norman **MILLET**, Appellant,

v.

**GODCHAUX SUGARS**, Inc., Appellee.

No. 16221.

United States Court of Appeals.
Fifth Circuit.

Feb. 8, 1957.

Benjamin E. Smith, New Orleans, La., for appellant.

Stanley E. Loeb, New Orleans, La., Boswell, Loeb, Livaudais, Gordon Boswell, New Orleans, La., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

■■ A principle, repeated with remarkable frequency in the plainest terms of direct simplicity, and carrying with it a compelling sense of emphasis, has again been misread, misunderstood, or misapplied, requiring again its republication. For the District Court, indicating no basis for departure from the rule,[1] "＊ ＊ ＊ that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim ＊ ＊ ＊," Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615, dismissed Millet's Complaint seeking Workmen's Compensation under the Louisiana Statute by testing it as would a Louisiana Court on whether *it* (i. e., the pleaded words) stated a cause of action and not, as must a Federal Court, whether evidence might be presented on which, applying Louisiana substantive standards, a recovery might be had.

■ This approach not unnatural to Court and counsel steeped in the judicial traditions of Civil jurisprudence, seems to assume that a suit for Workmen's Compensation, being a special statutory remedy, carries with it all of the trappings of the state procedure including, here, the requirement, LSA–Revised Statutes, Title 23, Section 1311, that the "＊ ＊ ＊ petition should set forth the ＊ ＊ ＊ facts ＊ ＊ ＊" in a manner deemed adequate by a Louisiana

Court. But this is not so. For in suits seeking statutory compensation, "It is settled law that neither the ＊ ＊ ＊ [state] Statutes nor State rules governing practice and procedure in the State courts are applicable to, or binding on, trials in federal courts," Employers Mutual Liability Insurance Co. of Wisconsin v. Blunt, 5 Cir., 227 F.2d 312, certiorari denied 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859.

While perhaps inartfully drawn, the Complaint, making positive the relationship of employer-employee and claiming specifically benefits under the Louisiana Workmen's Compensation Act, did assert quite plainly that, while working for Godchaux Sugars, Inc., during March 1955, Millet became disabled by reason of a slight costo-chondral separation for which, beginning April 1, he was treated by the company doctor who discharged him April 13, 1955, with a recommendation that he be restricted from doing heavy work. It further set forth that on April 14, 1955, Millet returned to work and continued until April 22, 1955, when he became "unable to continue" further work. And, in categorical terms, it asserted that by reason thereof he had "been made permanently and totally disabled and ＊ ＊ ＊ entitled to compensation under Louisiana law ＊ ＊ ＊ Title 23, Section 1021 et seq. ＊ ＊ ＊."

But because the Complaint, reading:

"2. Plaintiff was an employee of the company in March 1955, engaged as a crystalizer foreman in the companies sugar refinery at Reserve, Louisiana, when he, gradu-

---

1. As monuments to short-lived motions to dismiss and their high mortality rate on appeal are these cases from this court since 1938: Fair v. United States, 5 Cir., (Tex.), 234 F.2d 288, 293; Lewis v. Brautigam, 5 Cir. (Fla.), 227 F.2d 124, 127; Thomas v. Atlantic Coast Line R. Co., 5 Cir. (Fla.), 201 F.2d 167, 170; Tauzin v. Saint Paul Mercury Indem. Co., 5 Cir. (La.), 195 F.2d 223; Byrd v. Bates, 5 Cir. (Tex.), 220 F.2d 480; King Edward Emp. Federal Credit Union v. Travelers Indem. Co., 5 Cir. (Fla.), 206 F.2d 726; Des Isles v. Evans, 5 Cir. (Fla.), 200 F.2d 614, 615, 616; Atlantic Coast Line R. Co. v. Mims, 5 Cir. (Ga.), 199 F.2d 582; John Walker & Sons v. Tampa Cigar Co., 5 Cir. (Fla.), 197 F.2d 72, 73; Stanaland v. Atlantic Coast Line R. Co., 5 Cir. (Ga.), 192 F. 2d 432, 434; Kohler v. Jacobs, 5 Cir. (Ga.), 138 F.2d 440, 441; DeLoach v. Crowley's, Inc., 5 Cir (Fla.), 128 F.2d 378, 380; and see, Pope v. National Old Line Ins. Co., 5 Cir. (Tex.), 239 F.2d 590.

ally, over a period of days experienced an increasing inability to perform his work, accompanied by pain in the upper front region of his chest, which pain increased to such an extent, that on April 1st, 1955, he consulted the company doctor."

did not name or indicate a specific event or occurrence, the employer contended, and the Court, without opinion, apparently agreed, that this was not a sufficient allegation of "personal injury by accident" [2] arising out of employment.

This assumed, of course, that the plaintiff's proof would literally track the bare allegations and that all that such evidence would show was a disability at the end of March which, it was further assumed, would be insufficient under Louisiana law. But these assumptions are not permissible. For the Complaint "shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *," Fed.Rules Civ.Proc. rule 8(a), 28 U.S.C.A., and this forbids the prolix recitation of probable evidence. And it would be shutting out all judicial experience to expect that the versions from the witnesses would be that short, or sharp, or simple. And on the substantive merits, it was to assume that Louisiana, in all situations, requires some definitive event of an external fortuitous nature to satisfy the literal language of the Statute, note 2, supra. We need not—indeed, we ought not—here elaborate on the numerous cases for it is sufficient to say that Louisiana does not have any such rigid requirement. The distinctions between liability and non-liability may sometimes be scarcely discernible, extremely fine, and the nuances subtle, but the Louisiana jurisprudence recognizes that disability may yet be compensable with or without an untoward identifiable event if certain circumstances or conditions of employment cause or bring it about.[3] What these circumstances are, what kinds of medical results are recognized depend on the minutiae of evidence to be developed, not on the lawyer's efforts to describe it in the stilted archaic language of a pleading.

The ruling was equally impermissible concerning the allegations that, returning April 14 for work, the necessity of

2. LSA–Revised Statutes, Title 23, Section 1021: "'Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."

3. Custer v. Higgins Industries, Inc., La. App., 24 So.2d 511, 514 (malignant tumor apparently aggravated while pushing against a skylight on a vessel): "* * * we think that a study of the jurisprudence shows that there is a preponderating view to the effect that included in the category of accidental happenings are those in which all that occurs is that the employee, because of physical weakness or disease, is overcome while performing his usual ordinary work in the customary way." Biggs v. Libbey-Owens-Ford Glass Co., La.App., 170 So. 273, remanded on rehearing on other grounds, 173 So. 898 (hernia developed between September and November even though no specific strain or event); Causey v. Kansas City Bridge Co., La. App., 191 So. 730 (tumor, overcome with no external evidence of Trauma); Stokes v. Miller, La.App., 50 So.2d 509 (herniated disc, onset at a specified time but apparently caused by prior extended normal operation of bulldozer); York v. E. I. Dupont DeNemours & Co., La.App., 37 So.2d 68 (herniated disc apparently caused by repeated minor traumas over a long period of time); Cannella v. Gulf Refining Co. of La., La.App., 154 So. 406 (acute lead poisoning from inhaling fumes); Wright v. Louisiana Ice & Utilities Co., 14 La.App. 621, 129 So. 436 (heart attack). In Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625 (heart attack from carrying usual loads), the Supreme Court recognizes the rule stated somewhat differently in Wooten v. Toye Bros. Yellow Cab Co., La.App., 76 So.2d 447, 449: "There is no question that the term 'accident' as used in the workmen's compensation statute includes the giving away of any portion of the laborer's body while engaged in his work when due to excessive heat, heavy lifting, or other strenuous efforts, although usual and customary, and even when the breakdown is attributable to a pre-existing physical condition."

his working long hours as a strikebreaker in a strike-bound plant under tensions and strain of armed guard operation subjecting him to condemnation in the eyes of striking fellow employees, produced a "mental aversion and neurosis related to his work * * *" so that he became "unable to return to his former occupation or to successfully perform work of a reasonable character."

Illustrating the hazardous process of finally disposing of a case on pleadings, the Court, sustaining the employer's contention, categorically construed this as an independent claim that an entirely separate and distinct disability was caused by being "compelled" to work as a strikebreaker.

■ But the literal words of the Complaint do not require this, and both by brief and argument here Millet makes it certain that his purpose was merely to set forth a general description of the circumstances subsequent to the basic, March injury to his chest and from which the resulting disability for that injury became further aggravated by a neurosis and emotional disturbance. Of course, such disability, if causally related to the "injury," is clearly compensable, Wright v. Louisiana Gas & Fuel Co., La.App., 140 So. 712, 713; Dupre v. Wyble, La.App., 85 So.2d 119, 120; Hicks v. Royal Indemnity Co., La.App., 80 So.2d 553; Mitchell v. T. L. James & Co., La.App., 176 So. 245; Stanford v. Long & Wolfe, La.App., 199 So. 608; Lala v. American Sugar Refining Co., La.App., 38 So.2d 415, 421; and Mamon v. Farnsworth & Chambers Construction Co., La.App., 86 So.2d 764, 766.

■ Whether there were a compensable injury and, if so, the physical, medical or psychic-mental disability resulting from it were matters which had to be determined by proof. The cause must therefore be reversed and remanded for further and not inconsistent proceedings. In that process, it will be the function of the Judge to determine on the evidence (not the pleadings) by motions for summary judgment, directed verdict or other appropriate means whether, under the controlling substantive jurisprudence of Louisiana, the evidence is sufficient to raise a genuine issue of fact. Ruling, as we do, solely on the pleadings, we do not, of course, even intimate what the inner or outer reaches of liability are.

Reversed and remanded.