Henry **FOLLENFANT**, Appellant,

v.

Mary H. **ROGERS**, Appellee.

No. 22690.

United States Court of Appeals
Fifth Circuit.

April 5, 1966.

Jack W. Flock, Richard Grainger, Tyler, Tex., Ramey, Brelsford, Flock & Devereux, Tyler, Tex., of counsel, for appellant.

T. A. Bath, Henderson, Tex., Bath & Turner, Robert M. Bath, Henderson, Tex., of counsel, for appellee.

Before HUTCHESON, BURGER * and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge:

This suit, an interpleader action under 28 U.S.C. § 1335, was brought to determine the ownership of one-half of the proceeds of a life insurance policy issued to, and insuring the life of, Lucien T. Rogers. Mrs. Mary H. Rogers, widow of the now-deceased Lucien T. Rogers, claims the disputed proceeds as the original sole beneficiary of the policy; Henry Follenfant claims the disputed proceeds under a Change of Beneficiary purportedly executed by Rogers shortly before his death. The court below ruled that the evidence failed to establish that Rogers either executed or authorized the Change of Beneficiary under which Follenfant claims and entered judgment for Mrs. Rogers. We find no error in the district court's decision and accordingly affirm.

The case arose in the following fashion: On May 7, 1963, Lucien T. Rogers obtained through his employer a group life insurance policy with Aetna Life Insurance Company, naming as sole beneficiary his wife, Mary H. Rogers. On January 14, 1964, Rogers allegedly executed a Change of Beneficiary and named as co-beneficiaries Mrs. Rogers and Henry Follenfant. Rogers died on February 8, 1964, while the policy was in force. A controversy arose between Follenfant and Mrs. Rogers regarding whether Rogers had in fact executed the Change of Beneficiary, and Aetna then filed this interpleader action. That Mrs. Rogers owns at least one-half of the proceeds is undisputed. The district court discharged Aetna and ordered that Mrs. Rogers be paid the undisputed one-half. The issue before the court concerning the other one-half was whether Rogers executed the Change of Beneficiary under which Follenfant claims. Mrs. Rogers contended that Rogers had not and offered proof that the signature on the Change of Beneficiary was a forgery. Follenfant offered evidence in support of the Change of Beneficiary. The court, to which the case was submitted without a jury, ruled that "the burden was on the Defendant Follenfant to establish by a preponderance of the evidence that Rogers executed said 'Designation of Beneficiary'" and found that the evidence failed to establish execution. Follenfant argues that the district court committed reversible error in placing on him the burden of proving the validity of the Change of Beneficiary.

It has long been well settled that the burden of proving that the real beneficiary of a life insurance policy is someone other than the beneficiary named therein is on the person so asserting. Thus one claiming the policy proceeds as against the beneficiary named in the certificate has the burden to show a valid Change of Beneficiary. Brown v. Union Central Life Ins. Co., 72 S.W.2d 661 (Tex.Civ.App.1934); 21 Appleman, Insurance Law and Practice Sec. 12130 (1962). Follenfant seeks to avoid this burden by invoking a state rule of practice governing pleadings and their effects in state court trials.[1] Reliance on

---

* Of the District of Columbia Circuit, sitting by designation.

1. Follenfant relies on Tex.R.Civ.P. 93, which provides in pertinent part:
   A pleading setting up any of the following matters, unless the truth of such

this rule of practice is misplaced for two reasons. First, the above stated principle is universally recognized and applied; appellant does not cite, nor have we found, any Texas cases indicating that the rule of practice relied upon in any way affects or modifies this principle. Additionally, this rule of practice *could not* have any effect on the present case, since state rules of practice are not applicable to, or binding on, trials in federal courts. In matters of pleading, federal courts are not governed by the state practice, but by the Federal Rules of Civil Procedure.[2] Employers Mut. Liab. Ins. Co. v. Blunt, 227 F.2d 312 (5th Cir. 1955) (per curiam), cert. denied, 350 U. S. 994, 76 S.Ct. 543, 100 L.Ed. 859 (1956); Swift & Co. v. Young, 107 F.2d 170, 172 (4th Cir. 1939). Therefore the district court quite properly placed the burden of proving the validity of the Change of Beneficiary, and the risk of non-persuasion on this issue, on Follenfant.

Follenfant frankly admits that upon a remand of this case Mrs. Rogers would be entitled to amend and verify her pleadings to comply with the state practice, thus placing on him the burden of proving execution. Once again the same issue as has already been presented would be before the trial court, and a different result could not be expected. Obviously Follenfant is attempting to persuade this Court to allow him a second chance at trying his case. This we will not do.

· Affirmed.

---

matters appear of record, shall be verified by affidavit.

\*  \*  \*  \*  \*

(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. \* \* \* In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.

\*  \*  \*  \*  \*

Follenfant contends that this rule is one of substantive state law binding on the federal courts under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); and asserts that since Mrs. Rogers did not deny execution of the Change of Beneficiary under oath, the burden was not upon him to prove execution.

2. Fed.R.Civ.P. 11 establishes that as a general rule "pleadings [in federal courts] need not be verified or accompanied by affidavit." Thus state rules requiring verified pleadings, such as Tex.R.Civ.P. 93, supra note 1, are wholly inapposite. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), 44 Texas L. Rev. 560 (1966); 1A Barron & Holtzoff, Federal Practice and Procedure Sec. 333 p. 270 (1960).