**UNITED STATES of America,**
Appellant,
v.
**MIKE BRADFORD AND COMPANY,**
Inc., Appellee.
No. 23915.

United States Court of Appeals
Fifth Circuit.
April 7, 1967.

766

———◆———

David L. Rose, William Kanter, Attys., Dept. of Justice, J. William Doolittle, Acting Asst. Atty. Gen., Edward L. Shaheen, U. S. Atty., Washington, D. C., for appellant.

Benjamin C. King, Shreveport, La., David A. Russell, Miami, Fla., for appellee.

Before BROWN, MOORE,* and BELL, Circuit Judges.

* Of the Second Circuit, sitting by designation.

1. United States v. M. O. Seckinger, No. 23432, submitted January 31, 1967.

**PER CURIAM:**

This appeal presents much the same problem as is now pending before another panel of this Court[1] and the Third Circuit[2] as to the right of the Government to recover indemnity by contract, express or implied, or on tort principles, or both, from the Contractor performing work for the Government where the Government has been held liable (or has settled) an FTCA third party suit by an employee of the Contractor (or subcontractor).

 Here the District Court dismissed the third party claim of the Government apparently on theories of Louisiana Workmen's Compensation Act principles. At this stage the trial Court could not find that under no conceivable circumstances could the Government make out a claim. Conely v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80; Barber v. Blue Cat, 5 Cir., 1967, 372 F.2d 626. It would be a mistake therefore to attempt to write an academic dissertation on the numerous intriguing questions as to applicable law, state or federal, the extent (if any) of the contractual indemnity obligation, the right of the Government to recover indemnity if, as indemnitee, it is likewise held guilty of negligence, and the like. These matters require a factual development by summary judgment or otherwise. Smoot v. State Farm Mut. Auto. Ins. Co., 5 Cir., 1962, 299 F.2d 525; Carss v. Outboard Marine Corp., 5 Cir., 1958, 252 F.2d 690; Millet v. Godchaux Sugars, Inc., 5 Cir., 1957, 241 F.2d 264.

Reversed.

2. Ellsworth v. United States, 3 Cir., 1967, 375 F.2d 1014 [No. 16353, May 3, 1967] submitted on April 4, 1967 and decided in a per curiam opinion issued May 3, 1967.