SNEED SHIPBUILDING, INC.

v.

SPANIER MARINE CORPORATION.

No. B–88–0073–CA.

United States District Court, E.D. Texas, Beaumont Division.

April 21, 1989.

Ronald Cohen, Upper Montclair, N.J., for plaintiff.

Mary Ellen Blade, Benckenstein, Oxford, Raford & Johnson, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SCHELL, District Judge.

Plaintiff, Sneed Shipbuilding (Sneed) through its Motion for Clarification or Reconsideration of Orders, moves this court for entry of judgment on the pleadings, because defendant, Spanier Marine (Spanier), has failed to file a written denial under oath which plaintiff argues is required by Rule 185 of the Texas Rules of Civil Procedure. The plaintiff further moves this court to vacate an order substituting counsel for defendant, signed by U.S. District Judge Joe Fisher, because plaintiff contends that Judge Fisher signed the order subsequent to transferring the case and thus had no jurisdiction to approve the substitution. For the reasons discussed below, this court finds both contentions meritless, and the plaintiff's Motion for Clarification or Reconsideration of Orders is hereby DENIED.

## I. REQUEST FOR ENTRY OF JUDGMENT

In this *Erie*[1] doctrine issue, Sneed contends that Spanier has failed properly to deny Sneed's account of Spanier's debt to Sneed, and is thereby estopped under Texas Rules of Civil Procedure Rule 185 from contesting the issue at trial. In effect, Sneed says that, because Spanier did not verify its petition with a sworn affidavit (as would be required in Texas state courts), this court must consider the matter confessed. Insisting that Texas Rule 185 is substantive, and therefore binding on this court under *Erie*, Sneed prays judgment, effectively, a default judgment.

Spanier argues that, since this is federal court, state rules of procedure are displaced by the Federal Rules of Civil Procedure. In particular to this issue, Spanier insists that Federal Rule 11, which abolishes all forms of pleading and substitutes a simple certification of *all* pleadings, displaces Texas Rule 185, because the latter is not substantive, but procedural, and federal procedural rules must prevail.

## A. BACKGROUND

Prior to *Erie*, the longstanding practice in diversity cases in federal court was to apply the *federal* understanding of the general common law despite forum state law and precedent to the contrary,[2] while utilizing forum state procedural rules under the Rules of Decision Act.[3] The *Erie* court's reversal of this practice on due process grounds coincided with promulgation of the Federal Rules of Civil Procedure.[4] The new rules represented a major departure from the longstanding practice of common law form pleading, seen today in retrospect as a convoluted system of traps whereby justice was sometimes eluded by clever pleading.[5]

The combination of the *Erie* decision and the significant departure from tradition embodied in the federal rules produced an odyssey by courts seeking the formula by which the two could co-exist. Initially, Erie itself was the only lighthouse, recognizing federal power over "procedure" while disapproving any such power over "substance." When it became readily apparent that such labels could not consistently be applied to a given rule from one problem to

---

1. *Erie Railroad Co., v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)

2. *See Swift v. Tyson,* 16 Pet. 1, 10 L.Ed. 865 (1842).

3. Judiciary Act of 1789, § 34, 1 Stat. 92.

4. 302 U.S. 783 (Order of Dec. 20, 1937). *See also* Rules Enabling act, 48 Stat. 1064 (June 19, 1934), codified at 28 U.S.C. § 2072 (1977).

5. *See Veale v. Warner,* 1 Wms. Saund. 323, 85 Eng.Rep. 463, K.B. 1670).

the next,[6] the court's next beacon emerged as the "outcome determinative" test: if the outcome would differ without applying the state rule, it must be "substantive."[7] It is this test that Sneed evokes in this case.

The problem with the outcome determinative test is simply that nearly all rules may have some effect on the outcome, and it calls into question the propriety of applying the federal rules in diversity cases at all. Indeed, after some struggling, the Court retreated from such extremity in *Byrd v. Blue Ridge REA*,[8] and demonstrated how the *Erie* doctrine and Federal Rules of Civil Procedure should be reconciled. *Byrd* recognized that the federal judicial system is independent of the state system even in diversity cases, and federal courts must balance the "outcome" policy against other federal policies in running their own system.[9] This test, too, proved somewhat foggy on many seas, permitting divergent paths among the circuits.

■ Finally, in *Hanna v. Plumer*,[10] the Court provided the sextant this court applies today. As interpreted in *Walker v. Armco Steel*,[11] *Hanna* provides a two step analysis for determining whether or not a federal rule should be utilized. First, the court is to determine whether the state rule and the federal rule are indeed in conflict on the precise issue in dispute. If not, they can probably *both* be applied, as long as the state rule hurdles the *Byrd* test.[12] If the rules do conflict, *Hanna* mandates that the federal rule be applied, even if it changes the outcome, as long as the federal rule is valid in light of due process and the Rules Enabling Act.[13]

■ The question of whether the federal rule is valid under the due process clause of the Constitution must be determined "by reference to the policies underlying the *Erie* rule."[14] Those policies mandate discouragement of forum-shopping and avoidance of inequitable administration of the laws.[15] If application of the federal rule does not contravene the twins aims of *Erie*, it must also "not abridge, enlarge or modify any substantive right ..."[16] In diversity cases, "any substantive right" necessarily means a state substantive right. Thus, the *state* rule(s) that might be overridden by the federal rule in question must still be tested against the "substance vs. procedure" dichotomy, but only in the context of the *validity* of the federal rule, and not its applicability or supremacy. This *Hanna* test assures that valid federal rules will be applied consistently rather than circumstantially in response to the shifting case fact patterns.

---

6. Courts often ran aground trying to fathom a bright line distinction between substance and procedure. "The line between 'substance' and 'procedure' shifts as the legal context changes." *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965).

7. *Guaranty Trust Co., of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

8. 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).

9. *Id.* at 538, 78 S.Ct. at 901, 2 L.Ed.2d at 963.

10. 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

11. 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

12. *Byrd* had mandated an examination by the federal court of how "important" the state rule was to the overall state scheme of substantive law or whether it was an integral part of some important state policy. In *Byrd* this test deter-

mined whether or not a federal rule should prevail given the importance of the conflicting *federal* rule to the independent *federal* system for administration of justice. *Byrd*, 356 U.S. at 537–38, 78 S.Ct. at 900–01, 2 L.Ed.2d at 962–63. Under *Hanna* and where no federal rule conflicts, the *Byrd* test remains a question of whether or not the rule is important to the substantive *state* law or whether it is "merely" procedural. *See* Note, Federal Court Procedures, 44 Tex.L. Rev. 560, 562–63 (1966).

13. Rules Enabling Act, 28 U.S.C. § 2072 (1977).

14. *Hanna*, 380 U.S. at 467, 85 S.Ct. at 1141, 14 L.Ed.2d at 14.

15. "The 'outcome-determination' test therefore cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. at 1142, 14 L.Ed.2d at 15.

16. Rules Enabling Act, 28 U.S.C. § 2072 (1977).

## B. RULE 11 AND TEXAS RULE 185

■ The precise issue confronting this court is whether a verified denial must accompany defendant's answer to avoid confessing the accuracy of plaintiff's accounting. Texas Rule 185 explicitly states that if defendant's denial under oath does not accompany his answer, then the defendant will not be permitted to present evidence at trial that calls into question the accuracy of plaintiff's accounting. Texas Rule 185 appears to be a special application, in the context of evidentiary admissibility, of another more general rule of pleading, Texas Rule 93, which requires verified affidavits in a variety of contexts, including denial of an account.[17] Texas Rule 93 lists exceptions to Texas Rule 92, which permits a general denial of all matters not required to be under oath.

Federal Rule 11 replaced the need for verification in federal procedure with the simple requirement that an attorney's or a party's signature amounts to a certification that the pleading is grounded in law or fact or on a colorable argument for changing the law. The outcome of this case would clearly be different if Texas Rule 185 is applied, because the defendant did not submit a verified affidavit with its answer of denial. Thus, it appears that the two rules conflict unless they can be reconciled.

In contrast to Texas Rule 185, Texas Rule 13 is worded very similarly to Federal Rule 11, including sanctions for its violation, and it co-exists with the foregoing rules requiring verified pleadings. On closer examination, however, Texas Rule 13 appears to be limited to two situations: 1) groundless pleadings brought in bad faith or for purposes of harassment or delay of trial, and 2) fictitious suits brought as experiments to obtain court opinions. Federal Rule 11, however, has no such limitation.

Thus, reading Texas Rules 185 and 93(10) in pari materia with Rule 13, it seems that Texas has retained several individual procedural rules that the federal rules have collected into a single rule, Federal Rule 11.[18] The apparent purpose of the structure of the Texas scheme is to retain the traditional remedy in certain instances described in Texas Rules 93 and 185. Rather than sanctioning the attorney or party, as with Texas Rule 13, the remedy is confession of the

---

**17.** *See* Tex.R.Civ.P.Ann. r. 93(10) (Vernon 1980). In *Follenfant v. Rogers,* 359 F.2d 30 (5th Cir. 1966), the court construed Texas Rule 93(7) as purely a state rule of practice and therefore not controlling in federal court. The court further declared in a footnote that Federal Rule 11 establishes a general rule that "pleadings ... need not be verified ... [and that] state rules requiring verified pleadings, such as Tex.R.Civ. P. 93 ... are wholly inapposite." *Follenfant,* 359 F.2d at 32 n. 2.

Unfortunately, this dicta cannot be said to control here. In *Follenfant,* the appellant alleged that a change of beneficiary had been executed by the deceased to make appellant co-beneficiary of an insurance policy with the deceased's wife. Appellant argued that he should not be required to bear the burden of proving this; instead, appellee should bear the burden because she had failed to deny under oath that the change had been executed (as required by Texas Rule 93(7)). The court noted that, traditionally, anyone seeking to overcome the presumption that the beneficiary of a policy was the person named therein bears the burden of so showing. This rule was not altered by Texas Rule 93(7), whether or not appellee's pleadings of denial were verified. Thus, resolving the issue of whether or not Texas Rule 93 applied in federal court was unnecessary to the

holding in *Follenfant.* Further, the case has not been cited for such proposition in any subsequent cases this court has uncovered. Hence arises here the need for analysis of Texas Rule 185 concerning open accounts.

**18.** This is not to say that Federal Rule 11 is all inclusive of remedies available under federal procedure. *See, e.g.,* Rule 16(f) (failure to appear at pretrial conference or to obey pretrial orders); Rule 26(g) (signing of discovery requests, responses and objections); Rule 30(g) (failure to attend oral examination); Rule 32 (limitations on use of depositions at trial); Rule 37 (failure to cooperate with discovery); Rule 41(b) (failure to prosecute); Rule 45(f), (failure to obey subpoena); Rule 55 (failure to plead or defend); Rule 56(g) (affidavits made in bad faith). *See also* 28 U.S.C. § 1826 (recalcitrant witnesses); *and* 28 U.S.C. § 1746 (substitution of unsworn declarations, certifications, etc., where such items are required to be sworn under law). Conspicuously absent from this list is any special rule for verified denials of open accounts, the confession remedy Texas applies. Rule 11 is to be viewed, then, as a background rule applicable to all process unless a more specific rule applies. *See Thomas v. Capitol Securities Services, Inc.,* 836 F.2d 866, 875 (5th Cir.1988); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986).

issue and exclusion of contradictory evidence at trial. Federal Rule 11, on the other hand, applies sanctions in similar circumstances.

Viewed in the foregoing light, Federal Rule 11 and Texas Rule 185 cannot be reconciled. Therefore, *Hanna* mandates that Federal Rule 11 be applied unless it is invalid under due process or the Rules Enabling Act.

## C. VALIDITY OF FEDERAL RULE 11

■ In the context of this case, the forum shopping prong of the *Erie* "twin aims" inquires whether or not, because of the conflict between Federal Rule 11 and Texas Rule 185, a party would elect federal court in lieu of state court to avoid the state verified denial rule. Clearly, here, this plaintiff would not, because Sneed argues that Texas Rule 185 should apply anyway. Further, Sneed chose state court, and Spanier removed the case to this court. The question, then, is whether Texas Rule 185 served as the prime mover on Spanier's part. The answer to this question lies in its asking, because it implies Spanier contemplated the potential trap and deliberately risked its effect by *not* denying Sneed's account under oath, when the risk easily could have been avoided by a minor act of pleading.

Arguably the state verified denial rule abbreviates the proof required of a plaintiff, assuming that, as in this case, the defendant fails to verify his answer. Since this is only a rule of procedural convenience, however, it does not make full proof of the plaintiff's case any easier when the defendant's answer is verified. Therefore, the choice between Texas' verified denial rule and Federal Rule 11, which ordinarily does not require verification, should have very little impact on the choice of forum.

The second prong of the *Erie* "twin aims," equitable administration of the law, asks whether failure to enforce Texas' verified denial rule would "make so important a difference to the character or result of the litigation that ... it would unfairly discriminate against [Texas] citizens...." [19] As with Federal Rule 4(d)(1),[20] it seems difficult to imagine an argument that displacing the oath, required in Texas Rule 185 to be directed specifically to an open account pleading, with the Federal Rule 11 certification designed to reach the same results, raises "the sort of equal protection problems to which the *Erie* opinion alluded." [21] This is not a situation where state law must govern due to an absence of power to legislate granted to Congress under the Constitution. It falls directly within Congress' power "to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules." [22]

Thus, Federal Rule 11 passes due process muster. It remains only for this court to assure that it is valid under the Rules Enabling Act (the Act).

■ Under the Act, a Federal Rule of Civil Procedure may not abridge, enlarge, or modify a state substantive right. The "right" in question here seems to be a right on plaintiff's part to have the defendant swear to his pleading that he disputes plaintiff's accounting. As this court perceives it, the need for such a rule is to prevent frivolous denials of matters that can usually be proved readily from plaintiff's records, but which may consume vast quantities of courtroom resources if unnecessarily denied.[23] If this right is not substantive, then Federal Rule 11 is valid under the Act.

The Texas Supreme Court has characterized Rule 185 as a procedural rule, with regard to evidence necessary to establish a

**19.** *Hanna,* 380 U.S. at 468 n. 9, 85 S.Ct. at 1142 n. 9, 14 L.Ed.2d at 15 n. 9.

**20.** *Id.* The rule in question in *Hanna* concerned service of process under Federal Rule 4(d)(1).

**21.** *Id.* at 469, 85 S.Ct. at 1143, 14 L.Ed.2d at 16.

**22.** *Id.* at 473, 85 S.Ct. at 1145, 14 L.Ed.2d at 18.

**23.** *See Hollingsworth v. Northwestern Nat'l Ins. Co.,* 522 S.W.2d 242, 245 (Tex.Ct.App.1975).

prima facie right of recovery, and not a rule of substantive law.[24] Further, from the foregoing discussion of the context of Texas Rule 185, it appears the rule is procedural in nature. The only apparent reason that this court can divine for a separate rule is to retain a separate remedy from that of Texas Rule 13. Texas appears to apply sanctions, as is done under Federal Rule 11 in federal court, in more limited circumstances than do federal courts. Those circumstances do not include problems of proof on open accounts. Instead, Texas enforces the right by considering the matter confessed if not properly denied.

The purpose of both rules is the same, since both achieve the same ends in this regards. Federal Rule 11 treats the certification of pleadings as an imposition of responsibility upon the party and his attorney that a denial is not made frivolously. The rule vests great discretion in the trial court in assessing sanctions for violations, sanctions which can include, among other things, striking of pleadings that were frivolously propounded and levying upon the offending parties costs of court and attorneys fees for requiring the opponent to go forth with the expense of producing the proof. Where Texas Rule 185 would consider the matter confessed absent verification, the effect is to negate operation of a general denial under Texas Rule 92. Under Federal Rule 11, the trial court simply has more flexibility to tailor the deterrent to the particular needs of the case. Thus, the "right" is preserved under the federal scheme whether it is categorized as substantive or procedural.

For these reasons, this court holds that Federal Rule 11 is valid under the Rules Enabling Act to the extent of the "substantive right", if any, in question under Texas Rules 185 and 93(10). Since Rule 11 meets the *Hanna* test, it is the rule of decision to be applied in these circumstances.

### D. OTHER DEFENSES AVAILABLE TO DEFENDANT

■ Were Texas Rule 185 not displaced by Federal Rule 11, and were they able to co-exist, application of the Texas Rule 185 would not produce the results plaintiff seeks, that of default judgment. Texas jurisprudence permits assertion of other defenses without filing a summary denial, such as statute of limitations, accord and satisfaction and estoppel.[25] The defendant's answer asserts such defenses, making a judgment on the pleadings, based solely upon whether defendant disputes plaintiff's account, quite inappropriate.

### E. CONCLUSION

■ Consequently, for the reasons stated here, Federal Rule 11, which does not require verification of the defendant's Answer, controls in the instant case and the plaintiff's Motion for Entry of Judgment on the Pleadings or by Default is DENIED.

### II. REQUEST TO VACATE EARLIER ORDER

■ The plaintiff asserts that Judge Fisher entered an order substituting defense counsel in this case on September 10, 1988, after having transferred the case to this court on September 6, 1988. Without reaching the question of whether "Judge Fisher, on September 10, 1988, no longer exercised jurisdiction over the case," as argued by plaintiff's counsel, a careful examination of the original "Order" substituting defense counsel reveals that Judge Fisher signed it on September 6, 1988, not September 10, 1988. This court will presume that Judge Fisher signed this order prior to transferring this case on the same day.

Therefore, the defendant's request to vacate Judge Fisher's "Order" substituting defense counsel is also DENIED.

SO ORDERED.

---

**24.** *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979).

**25.** *Airborne Freight Corp. v. CRB Marketing, Inc.*, 566 S.W.2d 573 (Tex.1978).