**VACATION BREAK U.S.A., INC., Plaintiff,**

v.

**MARKETING RESPONSE GROUP & LASER COMPANY, INC., et al., Defendants.**

**No. 98–1150–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 30, 1999.

---

See also, 28 F.Supp.2d 651.

F. Wallace Pope, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, Richard W. Epstein, Glen Rafkin, Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, Ft. Lauderdale, FL, for plaintiff.

John R. Bush, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, William O. Bittman, Gary L. Kaplan, Reed, Smith, Shaw & McClay, Washington, DC, Lee A. Rau, Reed, Smith, Shaw & McClay, McLean, VA, Michael D. Allweiss, Allweiss, Mensh, MacIntosh, Allweiss & Bursa, St. Petersburg, FL, for defendants.

## ORDER ON DEFENDANT MARKETING RESPONSE GROUP & LASER COMPANY, INC.'s SECOND RENEWED MOTION TO AMEND

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendant, Marketing Response Group & Laser Company, Inc.'s (hereinafter "MRG & L"), Second Renewed Motion to Amend, (Dkt. 63), filed on June 24, 1999, Plaintiff, Vacation Break U.S.A., Inc.'s, Memorandum of Law in Opposition to Marketing Response Group & Laser Company, Inc.'s Second Renewed Motion to Amend, (Dkt. 75), filed on July 22, 1999, and Plaintiff, Vacation Break U.S.A., Inc.'s, Motion to Strike Demand for Punitive Damages from Count VI of the Counterclaim, (Dkt. 70), filed on July, 19, 1999.

### BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint. (Dkt. 1). On June 2, 1998, Plaintiff filed a Complaint against twelve named Defendants. Plaintiff is the developer and operator of various timeshare resort properties. Plaintiff has, at all times material hereto, engaged in direct mail solicitation in order to obtain prospective timeshare purchasers. MRG & L provided printing, mailing products, and services to be used in the direct marketing of various goods and services to Plaintiff.

In November 1995, Plaintiff entered into a Sales and Marketing Agreement (hereinafter "Agreement") with MRG & L. This Agreement allegedly provided printing and mailing services to Plaintiff. The Agreement also contained a promise to provide Plaintiff with lead lists. The lead lists that were allegedly to be provided to Plaintiff contained the names of individuals who were likely to respond favorably to the marketing of travel packages and timeshare interests. MRG & L was allegedly the only company available to supply the components of the combined packages of products and services in the volume Plaintiff required.

Less than six months after Plaintiff and MRG & L entered into the Agreement, Plaintiff suspended its business relationship with MRG & L and the other eleven (11) named Defendants in this action. Thereafter, on March 24, 1997, MRG & L brought suit against Plaintiff in the Circuit Court for the Sixth Judicial Circuit for Pinellas County, Florida. MRG & L's state court suit asserted two (2) claims against Plaintiff under the Florida Antitrust Act of 1980, Fla.Stat. § 542.18. The state court suit was the consequence of: (1) an alleged group boycott organized by Plaintiff; and (2) the uniform fixed purchase price that Plaintiff and other vaca-

tion certificate clients imposed on MRG & L pursuant to the 1995 Agreement. MRG & L further alleged in the state court suit that Plaintiff used the lead lists provided by MRG & L in violation of the Agreement and agreed to drive MRG & L out of business.

On June 2, 1998, Plaintiff initiated the instant action, which seeks damages against the twelve (12) named Defendants, under sections three (3) and four (4) of the Clayton Act, 15 U.S.C. §§ 14 and 15(a), and sections one (1) and two (2) of the Sherman Act, 15 U.S.C. § 1. MRG & L allegedly:

> Illegally required [Plaintiff to], in order to purchase rights to use MRG & L's perceived highly desirable lead lists, exclusively contract with MRG & L for creative design, mail, and printing products and services ...

In response to Plaintiff's Complaint, MRG & L filed a counterclaim against Plaintiff. Count III of Defendant's Counterclaim alleges violations of Florida Statute 501.204(1), also referred to as the Florida Unfair Competition and Deceptive Trade Practices Act. Count III asserts that Plaintiff has induced individual customers of MRG & L (hereinafter "Co-op members") to: (1) fix jointly the purchase price paid for MRG & L's services; (2) organize a group boycott of MRG & L; (3) terminate their respective Sales and Marketing Agreements; (4) misappropriate MRG & L's proprietary information; (5) interfere with MRG & L's arrangements with mail list providers (6) and interfere with MRG & L's ability to provide response rates that MRG & L guaranteed in its Sales and Marketing Agreements with Plaintiff and other Co-op members. Defendant states that, as a result of Plaintiff's actions, Defendant has suffered from irreparable injury in excess of twenty-nine million dollars.

Count IV of Defendant's Counterclaim alleges a common-law conspiracy claim against Plaintiff. Defendant alleges that Plaintiff through "peculiar powers of coercion" used the Co-op for its own economic gain in pursuit of their unlawful scheme to: (1) fix the purchase price of MRG & L's services; (2) allocate customers; (3) misappropriate MRG & L's proprietary lists; and (4) render MRG & L incapable of enforcing its rights in said

lists by forcing MRG & L out of business. In connection with Count IV, Defendant alleges entitlement to damages in excess of twenty-nine million dollars.

Count V of MRG & L's Counterclaim alleges that Plaintiff has interfered with Defendant's Sales and Marketing Agreements. Defendant alleges that Plaintiff induced members of the Co-op to breach their respective Sales and Marketing Agreements, in the hope of providing Co-op members with a pretext for breach. Defendant further alleges that Plaintiff persuaded Co-op members to breach by stating that such breach would render MRG & L incapable of enforcing its contractual and statutory rights in the proprietary lists that Plaintiff intended to, and did in fact, misappropriate. In connection with this allegation, Defendant alleges damages in the amount of ten million dollars.

### DISCUSSION

■ A decision whether to grant a motion for leave to amend a complaint is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Therefore, because "this mandate is to be heeded," there must be a "justifying reason," for a court to deny leave to amend. *See id.*; *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir.1985) (stating that a "substantial reason" is needed). In *Foman*, the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227.

MRG & L requests leave to amend its counterclaim to add claims for punitive damages under Florida Statute § 768.72. Even though no party to this action has alleged application of Federal Rule of Civil Proce-

dure 8(a) to MRG & L's Motion to Amend, the Court finds it necessary in light of recent Eleventh Circuit case law to discuss both Federal Rule of Civil Procedure 8(a) and Florida Statute § 768.72. Federal Rule of Civil Procedure 8(a) states that:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Florida Statute § 768.72 states that:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages an allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

While *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), involved federal diversity jurisdiction, federal courts have generally acknowledged the principles established in *Erie* as applying to claims in federal court based on pendent and ancillary jurisdiction. *See Mintz v. Allen,* 254 F.Supp. 1012, 1013 (S.D.N.Y.1966); *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 232 (1st Cir.1980); *United States ex rel. Garrett v. Midwest Constr. Co.,* 619 F.2d 349, 352–353 (5th Cir.1980); *see generally United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1338(b) (1982). Thus, under *Erie,* federal courts are required to apply state substantive law to cases brought under diversity, pendent, and ancillary jurisdiction; however, federal courts are not required to apply state proce-

dural law. *See Cohen v. Office Depot. Inc.,* 184 F.3d 1292, 1295–1296 (11th Cir.1999) (citing *Erie R. Co.,* 304 U.S. at 64, 58 S.Ct. 817; *Lundgren v. McDaniel,* 814 F.2d 600, 605 (11th Cir.1987)). As pointed out in *Cohen,* the determination of whether a law is procedural or substantive has been difficult, which has led to numerous inconsistent results in federal cases throughout the state. *See Cohen,* 184 F.3d at 1295–1296 (11th Cir.1999).

In *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court set out a determinative test to be used when deciding whether a state law is substantive or procedural. Under *Hanna,* the court must first determine whether the state law conflicts with a Federal Rule of Civil Procedure. *See Hanna,* 380 U.S. at 471, 85 S.Ct. 1136. If the court concludes that the state law conflicts with a Federal Rule of Civil Procedure, the court is instructed to "apply the Federal Rule." *Hanna,* 380 U.S. at 471, 85 S.Ct. 1136. The court is only permitted to refuse to apply the Federal rule when "the Advisory Committee, [the Supreme] Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the [Rule's] Enabling Act nor constitutional restrictions." *Cohen,* 184 F.3d 1292, 1296–1297 (11th Cir.1999) (citing *Hanna,* 380 U.S. at 471, 85 S.Ct. 1136). The question to be asked by federal courts:

[I]s not whether the state law provision is procedural or substantive; instead, the court must ask whether the state law provision conflicts with a federal procedural rule. If it does, the federal procedural rule applies and the state provision does not. Stated another way, if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie/Hanna* purposes regardless of how it may be characterized for other purposes.

*Cohen,* 184 F.3d 1292, 1296–1297 (11th Cir. 1999).

The second prong of the *Hanna* test is applied only if the state law does not conflict with a Federal Rule of Civil Procedure. *See id.* If the state law does not conflict with a Federal Rule of Civil Proce-

dure, the court must determine whether application of the state law would lead to forum shopping due to the possibility of different outcomes in federal and state court. *See id.*

There has been a long-standing split in the decisions of the federal courts of this state regarding whether Florida Statute § 768.72 is substantive or procedural. However, this split of decisions was recently remedied by the Eleventh Circuit in *Cohen v. Office Depot. Inc.*, 184 F.3d 1292 (11th Cir. 1999). In *Cohen* the Eleventh Circuit found that Florida Statute § 768.72 is directly in conflict with Federal Rule of Civil Procedure 8(a). *See Cohen*, 184 F.3d 1292, 1298 (11th Cir.1999). As Florida Statute § 768.72 is in direct conflict with Federal Rule of Civil Procedure 8(a), the court must apply the Federal Rule. *See id.; see also Hanna*, 380 U.S. at 471, 85 S.Ct. 1136. In *Cohen*, the Eleventh Circuit specifically stated that:

> [E]ven if [Federal] Rule [of Civil Procedure] 8(a)(3) does not require a plaintiff to include in a complaint a request for all the relief sought, there is still a conflict between § 768.72 and Rule 8(a)(3), because [Rule 8(a)(3)] clearly allows the plaintiff to include a request for punitive damages in her initial complaint, whereas § 768.72 prevents her from doing so. A state law may conflict with a Federal Rule even where it violates no affirmative command or requirement of the rule, if the Federal Rule "occupies the statute's field of operation." Rule 8(a)(3) "occupies [§ 768.72's] field of operation," because Rule 8(a)(3) governs the ability of plaintiffs to request any and all of the relief sought (including punitive damages) in all pleadings that state a claim (including initial complaints). If applied in federal court, § 768.72 would impair the operation and effect of Rule 8(a)(3).

*Cohen*, 184 F.3d 1292, 1298 (11th Cir.1999). As the Eleventh circuit has decided that § 768.72 directly conflicts with Federal Rule of Civil Procedure 8(a), this Court must now apply Rule 8(a)(3) unless application of the Federal Rule would "transgress[ ] the Rules Enabling Act or the Constitution." *Id.* at 1298–1299 (citing *Hanna*, 380 U.S. at 471, 85 S.Ct. 1136). The Rules Enabling Act is contained in 28 U.S.C. § 2072, which states that the Supreme Court of the United States has the power to make "general rules of practice and procedure" for use in the district courts and the courts of appeal in the United States. Federal Rule of Civil Procedure 8(a)(3) involves a matter of "practice and procedure" within district courts. *See Cohen*, 184 F.3d 1292, 1298–1299 (11th Cir.1999) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 61 S.Ct. 422, 427, 85 L.Ed. 479 (1941); *Follenfant v. Rogers*, 359 F.2d 30, 31–32 (5th Cir.1966)). As well as finding that Florida Statute § 768.72 conflicts with Federal Rule of Civil Procedure 8(a), the Eleventh Circuit also stated that Florida Statute § 768.72 is not unconstitutional.

This Court notes that the claim in *Cohen* was brought in federal court under federal diversity jurisdiction and the present case is not. However, under the provisions of *Erie R. Co.*, *Mintz*, and *McGinty*, this Court finds that the application of *Cohen* to pendent and ancillary state law claims is appropriate.

In the case at hand, MRG & L's Motion to Amend seeks leave to amend Counts III–V of MRG & L's Counterclaim, (Dkt. 53), to add claims for punitive damages. Defendant requests leave to amend pursuant to Federal Rules of Civil Procedure 7(b) and 15(a), and Florida Statute 768.72.

In support of amendment, MRG & L has submitted numerous exhibits to support the amendment of Counts III–V of its Counterclaim. MRG & L states that Counts III–V are tort-based claims that have arisen as a result of Plaintiff's group boycott of MRG & L. MRG & L states that Plaintiff led and organized the group boycott with the kind of malevolence that Florida Statute § 768.72 covers. MRG & L relies throughout its Motion to Amend, (Dkt. 63), and Memorandum in Support of Amendment, (Dkt. 64), on alleged statements made by Plaintiff. The statements upon which MRG & L relies, in pertinent part, state that: (1) the Co-op "worked together as a team"; (2) the Co-op's "main objective was to put MRG[ & L] out of business so that they [the Co-op] could control the leads"; (3) "this is war"; (4) "let it be known that not only was [a Co-op mem-

ber] after MRG[ & L] now, that [the Co-op was] after [another company as well]"; and (5) "I'm going to crucify them. I'm going to put MRG[ & L] out of business."

In response to MRG & L's allegations in support of amendment, Plaintiff states that MRG & L has not satisfied the requirements set out in Florida Statute § 768.72. Plaintiff asserts that MRG & L has alleged only words with no verifiable supporting conduct. Plaintiff also requests that this Court deny MRG & L's Motion to Amend because, according to Plaintiff, MRG & L is trying to force Plaintiff to have to disclose the large punitive damages claim at issue to the Securities and Exchange Commission. Plaintiff states that a report of such a large punitive damages claim would harm its business. As a result of the reporting requirement, Plaintiff further alleges that MRG & L believes it would be in a position to coerce an unreasonable and otherwise unattainable settlement. Plaintiff states that MRG & L's Motion to Amend is premature and stipulates that it will provide financial worth discovery after the discovery cut-off date if a third renewed motion to amend is granted.

The Court has completely reviewed the exhibits submitted by MRG & L and after reviewing those exhibits, the arguments presented by counsel, and relevant case law, the Court finds that MRG & L's Motion to Amend Counts III–V of its Counterclaim must be granted. Due to the Eleventh Circuit's recent holding in *Cohen,* and this Court's application of the doctrines set out in *Erie R. Co., Hanna, Mintz,* and *McGinty,* this Court finds that Florida Statute § 768.72 does not apply to Defendant's pendent state law claims because it is in direct conflict with Federal Rule of Civil Procedure 8(a). Therefore, under Federal Rule of Civil Procedure 8(a), Defendant is entitled to amend the counterclaim to add claims for punitive damages.

The Court also finds, for the same reasons previously stated when discussing MRG & L's Motion to Amend, that Plaintiff's Motion to Strike Demand for Punitive Damages from Count VI of the Counterclaim, (Dkt. 70), must be denied. Accordingly, it is

**ORDERED** that Defendant, Counterplaintiff, Marketing Response Group & Laser Company, Inc.'s, Second Renewed Motion to Amend, (Dkt. 63), be **GRANTED;** and Plaintiff, Vacation Break U.S.A., Inc.'s, Motion to Strike Demand for Punitive Damages from Count VI of the Counterclaim, (Dkt. 70), be **DENIED.**