JORDAN, Circuit Judge,
concurring.
I concur in Parts I, II, and III.A of Judge Black’s opinion for the Court. As to Part III.B, I concur in the judgment because we are bound by Follenfant v. Rogers, 359 F.2d 30, 32 n. 2 (5th Cir.1966) (holding that “state rules requiring verified pleadings ... are wholly inapposite” in federal diversity actions). I write to explain why I believe Follenfant was wrongly decided.
The “initial step” in “resolving conflicts between state law and the Federal Rules” is to “determine whether, when fairly construed, the scope of [the] Federal Rule ... is ‘sufficiently broad’ to cause a ‘direct collision’ with the state law or, implicitly, ‘control the issue’ before the court, leaving no room for the operation of that law.” Burlington Northern R. Co. v. Woods, 480 U.S. 1, 4-5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987) (citations omitted). “If no conflict *1363 exists, ... the analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand.” Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1307 (11th Cir.2002). In my view, there is no “direct collision” between O.C.G.A. § 9-11-11.1(b) and Rule 11 of the Federal Rules of Civil Procedure.
In relevant part, Rule 11(a) provides that “[ujnless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.” The text of Rule 11(a) is not confined to federal rules or statutes that require verification, and “it is the Rule itself, not the Advisory Committee’s description of it, that governs.” Wal-Mart Stores, Inc. v. Dukes, — U.S. —, 131 S.Ct. 2541, 2559, 180 L.Ed.2d 374 (2011). Given that § 9-11-11.1(b) is a “statute [that] specifically states otherwise,” Rule 11(a) permits its application in a diversity action in federal court. See Business Guides, Inc. v. Chromatic Commc’ns Enters., Inc., 498 U.S. 533, 544, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (declining to read the phrase “attorney or party” in Rule 11 as “attorney or unrepresented party”).
But even if Rule 11(a) were ambiguous — because it is arguably unclear whether the phrase “a rule or statute” refers only to federal rules and statutes or to both federal and state rules and statutes— the result would be the same. The Supreme Court has said that “we should read an ambiguous Federal Rule to avoid ‘substantial variations [in outcomes] between state and federal litigation.’ ” Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 405 n. 7, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (majority opinion) (citation omitted and alteration in original). By reading Rule ll(a)’s text to refer to federal and state rules and statutes, we avoid a conflict with § 9 — 11—11.1 (b). See Business Guides, 498 U.S. at 542, 111 S.Ct. 922 (explaining that the language now found in Rule 11(a) “acknowledges that in some situations represented parties are required by rule or statute to verify pleadings or sign affidavits”).
In sum, I agree with Judge Fitzpatrick’s conclusion in Int’l Brominated Solvents Association v. American Conference of Governmental Industrial Hygienists, Inc., No. 5:04 CV 394(DF), 2005 WL 1220850, at *2 n. 3 (M.D.Ga. May 20, 2005), that the “similarities” between § 9 — 11—11.1(b) and Rule 11 do not create a conflict because “compliance with each can be simultaneously achieved.” Were it not for the broad sweep of Follenfant, I would reverse and direct that the complaint be dismissed due to the plaintiffs’ failure to comply with § 9 — 11—ll.l(b)’s verification requirement.