**Vernoyd I. KELLER, Plaintiff,**

v.

**The ORION INSURANCE COMPANY, LIMITED OF LONDON, ENGLAND, Defendant.**

**No. 4–67 Civ. 109.**

United States District Court
D. Minnesota,
Fourth Division.

June 24, 1968.

———◇———

Walter W. Laidlaw, Minneapolis, Minn., for plaintiff.

Meagher, Geer, Markham & Anderson, by R. D. Blanchard, Minneapolis, Minn., for defendant.

ORDER PERMITTING TAKING OF PHYSICIAN'S DEPOSITION

NEVILLE, District Judge.

This matter came before the court at St. Paul, Minnesota on May 27, 1968 on the motion of plaintiff for an order modifying this court's order of March 22, 1968, which, in paragraph (1) ordered that the defendant might take the depositions of physicians who had examined and/or treated plaintiff "including but not limiting it to, the physicians at the Mayo Clinic, Rochester, Minnesota". Plaintiff seeks a modification of the above-quoted language in order to limit the physicians solely to those at the Mayo Clinic. Such request is, in effect, repeated by plaintiff's further motion to dismiss and quash the Notice of Taking of Deposition of Dr. John Regan of Minneapolis, Minnesota, served upon plaintiff by the defendant. The question of physician-patient privilege is not here at issue since such has been waived by the plaintiff. Also, the fact that before the court signed the order of March 22, 1968 it was shown to plaintiff's counsel and he made no objection thereto will be ignored for purposes of this determination.

The motions of the plaintiff are grounded initially upon the contention that since the defendant's motive for taking the deposition of Dr. Regan is to perpetuate his testimony in the event he is unavailable at the time of trial, defendant must first show, before the deposition can be taken, either that Dr. Regan will be unavailable for trial or that he is or will be subject to some infirmity. Plaintiff urges that such is required by Fed.R.Civ.P. 26. It is the court's view that the rule is otherwise, although under the former practice such limitations were imposed under certain circumstances; see generally, 4 Moore, Federal Practice, ¶ 26.03[1] (2nd Ed. 1966). Rule 26(a) now provides:

> "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * *"

The above rule makes no distinction between the taking of a deposition for purposes of discovery and for

purposes of "use as evidence in the action" i. e., preserving testimony for trial. The showing of the witness' availability at the time may be grounds to deny the use of the deposition at trial, but is not grounds for enjoining the taking of the deposition prior to trial; that is, one desiring to take a deposition under Rule 26 need not show in advance that the witness will be unavailable at trial. Rule 26 contemplates only that the deposition may not be "used as evidence" at trial absent the existence of such conditions as plaintiffs here urge, see Rule 26(d). 4 Moore, Federal Practice, ¶ 26.04 (2nd Ed. 1966) states at 1072:

> "Rule 26 and its companion Rules authorize the taking of depositions under the same circumstances and by the same methods irrespective of whether they are to be used for discovery or for preserving testimony or for both purposes. The phrase in lines 5–6 of Rule 26(a), 'for the purpose of discovery or for use as evidence in the action or for both purposes' was inserted to make this clear beyond a doubt."

Plaintiff further urges that the new rule 35.04 of the Minnesota Rules of Civil Procedure, requiring a showing of "good cause" before the deposition of a treating or examining medical expert may be taken, controls in diversity actions brought in this court, and that such requirement has not been satisfied in the present case. Such rule restricts the right to depose such persons and provides, in pertinent part, as follows:

> "Depositions of treating or examining medical experts shall not be taken except upon order of the court for good cause shown upon motion and notice to the parties and upon such terms as the court may provide."

This court has recently ruled, in Lind v. Canada Dry Corp., 283 F.Supp. 861 (D.C.Minn., 1968), that the "waiver of privilege" provision found in rule 35.03[1] of the Minnesota Rules of Civil Procedure would be applied in diversity cases in Federal Court in Minnesota. Such ruling neither conflicts with nor is inconsistent with federal practice and policy in diversity cases nor with the decision in this case.

The court is not confronted in the present case with the question of the applicability of evidentiary rules of a state relating to privileged communications, as it was in *Lind*. The question here presented is basically whether state or federal law governs the question of whose deposition may be taken and under what circumstances in a federal diversity action.

Rule 26(a) of the Federal Rules of Civil Procedure provides that:

> "Depositions shall be taken only in accordance with these rules.  *  *  *"

In commenting upon the foregoing sentence in rule 26(a), 2A Barron and Holtzoff, Federal Practice and Procedure § 645 (Wright Ed. 1961), states at 56–57:

> "The cases are not in accord as to whether state law determines the existence or application of a privilege. With that one possible exception, it is clear that *state law does not control the availability of or the methods for discovery.*" (Emphasis added)

See also Wright, Discovery, D.C., 35 F.R.D. 39, at 43 (1964):

> "The scope of discovery is governed entirely by the federal rules. State law as to the scope of discovery is of no force in federal court."

And see Hosie v. Chicago & Northwestern Ry., 282 F.2d 639, 642 (7th Cir.

---

1. Minn.R.Civ.P. 35.03 provides:

"If at any stage of an action a party voluntarily places in controversy the physical, mental or blood condition of himself, of a decedent, or a person under his control such party thereby waives any privilege he may have in that action regarding the testimony of every person who has examined or may thereafter examine him or the person under his control in respect of the same mental, physical or blood condition. (Added Nov. 10, 1967, effective Feb. 1, 1968)."

1960); Buren v. Schein, 24 F.R.D. 504 (E.D.N.Y.1960).

Furthermore, Rule 26(a) provides at the outset:

> "Any party may take the testimony of *any person,* including a party, by deposition upon oral examination * * *." (Emphasis added)

 It would seem that to the extent the drafters of the Federal Rules were desirous of protecting certain persons or classes of persons from the effect of the above-quoted language, the procedure for seeking such protection has been afforded by rule 30(b) and (d). Subdivision (b) provides in part:

> "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and *for good cause shown,* the court in which the action is pending may make an order that the deposition shall not be taken * * *." (Emphasis added)

It is thus apparent that while under the Federal Rules the deposition of *anyone* may be taken unless good cause is shown why such should not be done, the purport of the new Minnesota rule is that a certain class of persons, to wit, treating or examining medical experts, may not be deposed unless good cause is shown why such should be done. The weight of authority as set out, supra, is that such restrictions in state rules of procedure upon the scope of discovery are not binding in actions brought in Federal Court. Where, as here, the state rule conflicts with the Federal Rule, such authority seems even more compelling. In *Lind,* supra, the court dealt with the subject of privilege on which the Federal Rules are silent as to where and when such exists. The court therefore looked to state law. Such clearly is not the situation in the case at bar where the Federal Rules have spoken.

No good cause having been shown why the defendant in the instant case may not take the deposition of Dr. Regan, since medical privilege voluntarily has been waived:

It is ordered that the motions of the plaintiff are hereby denied.